**BARRERA & ASSOCIATES**
**PATRICIO T.D. BARRERA (SBN 149696)**
**ASHLEY A. DAVENPORT (SBN 244573)**
1500 Rosecrans Avenue, Suite 500
Manhattan Beach, California 90266
Telephone:  310.802.1500
Telefax:      310.802.0500

Attorneys for Plaintiffs Ester Lee, Melissa Ghazarian,
James Gordon Moll and Jenny Chu

2008 AUG -1  PM 2:49

FILED

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ESTHER LEE, an individual; MELISSA GHAZARIAN, an individual; JAMES GORDON MOLL, an individual; and JENNY CHU, an individual,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>J.P. MORGAN CHASE BANK, N.A., a New York Corporation, and DOES 1 through 10, inclusive<br><br>                    Defendants. | Case No.  CV 08-04088-R-PLA<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES:**<br><br>1.   **FAILURE TO PAY COMMISSION WAGES;**<br>2.   **FAILURE TO PAY OVERTIME WAGES;**<br>3.   **FAILURE TO PROVIDE MEAL PERIODS;**<br>4.   **FAILURE TO PROVIDE REST PERIODS;**<br>5.   **FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION;**<br>6.   **FAILURE TO MAINTAIN AND PROVIDE ACCURATE ITEMIZED STATEMENT OF WAGES AND DEDUCTIONS;**<br>7.   **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 et seq. (UNFAIR BUSINESS PRACTICES)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Esther Lee, Melissa Ghazarian, James Gordon Moll and Jenny Chu,

based upon personal knowledge as to all acts or events that Plaintiffs have

undertaken or witnessed, and upon information and belief as to all others, complain and allege as follows:

## INTRODUCTION

1.     This is a civil action brought by Plaintiffs Esther Lee, Melissa Ghazarian, James Gordon Moll and Jenny Chu (hereinafter referred to as "Plaintiffs") against their former employer, J.P. Morgan Chase Bank, N.A., (hereinafter referred to as "Chase") for Chase's failure to pay commission wages and overtime wages, failure to provide meal and rest periods, and to address Chase's alteration of company records in an effort to reduce the payments due to Plaintiffs. This case seeks to put an end to Defendant's unlawful payroll practices and to obtain redress in the form of unpaid commission and overtime wages to Plaintiffs and other remedies. This action has been brought in the public interest of exposing the unlawful, unfair and fraudulent business practices of Defendant Chase.

2.     Plaintiffs were valuable employees of Chase for seventeen years combined and during that tenure, were among the highest-performing and hardest-working employees in the company. The Plaintiffs received numerous accolades and their branch office, located in Alhambra, California, was recognized as one of the top performing branches within Chase. For example, Plaintiff Ghazarian was recognized as Chase's Leaders' Club Winner for the years 2003 through 2006. Just prior to her termination, Ms. Ghazarian received a prestigious award for having the highest volume within Defendant's entire company. Plaintiffs Lee and Chu were also ranked among Chase's top ten producing loan officers in the Country. These plaintiffs were strong, consistent producers who were widely respected within the company. Plaintiff James Gordon Moll served as the branch manager for Chase's Alhambra branch office, which was Chase's #1 ranked office in the nation. As such, Mr. Moll supervised the other plaintiffs and Chase's top branch office. Mr. Moll was the 2007 Leaders' Club "Manager of the Year" for Southern California and nationally. As alleged in greater detail below, Plaintiffs were exploited by a variety of unfair

employment practices that include the failure to pay commission wages, the failure to pay overtime wages, the fraudulent activities of Defendant to alter the records relating to Plaintiffs, and the failure to maintain and provide accurate itemized statements of wages and maintain accurate statements of deductions.

3.     Plaintiffs are informed and believe that the Defendants named in this action have and, at all relevant times, had the power and duty to control and/or compel compliance with California law concerning the payment and reporting of wages and the working conditions of Plaintiffs.

## JURISDICTION AND VENUE

4.     The monetary damages sought by Plaintiffs exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.  The monetary damages sought on behalf of each and every Plaintiff and as an aggregate exceed those jurisdictional limits as well.  There is no controlling or preemptive federal question at issue, as questions regarding payment of commission wages and overtime wages, and the requirement of accurate statements of wages and remedies related thereto are based solely on state law, such as the California Labor Code and the Unfair Competition Law set forth in California Business & Professions Code §17200 (hereinafter referred to as "the UCL").

5.     Venue is proper in the Los Angeles County Superior Court because Defendant has facilities and operations located within Los Angeles County, all of the acts complained of herein occurred in Los Angeles County, and Defendant actively conducts business in Los Angeles County.

## THE PARTIES

Plaintiffs

6.     Plaintiff ESTER LEE is a resident of the County of Los Angeles, State of California.  Plaintiff Lee was employed as a loan officer for Chase from March 2001 to May 2007.

7.     Plaintiff MELISSA GHAZARIAN is a resident of the County of Los

Angeles, State of California. Plaintiff Ghazarian was employed as a loan officer for Chase from March 1, 2002 to May 21, 2007.

8.     Plaintiff JAMES GORDON MOLL is a resident of the County of Los Angeles, State of California. Plaintiff Moll was employed as the Alhambra office manager and he worked for Chase from April 2004 to May 2007.

9.     Plaintiff JENNY CHU is a resident of the County of Los Angeles, State of California. Plaintiff Chu was employed as a loan officer for Chase from April 12, 2004 to May 31, 2007.

Defendants

10.     Plaintiffs are informed and believe and thereon allege that at all material times mentioned herein defendant J.P. Morgan Chase Bank, N.A. (Chase) was and is a New York Corporation, an affiliate of J.P. Morgan Chase & Co., and headquartered in New York. Chase is authorized to do business under the laws of the State of California. At all times material mentioned herein Chase regularly did, and continues to do, business in the County of Los Angeles, State of California.

11.     Plaintiffs are ignorant of the true names, identities and capacities of Defendants sued herein as Does 1 through 10, inclusive, and each of them and based thereon, sues said Defendants by such fictitious names. When their true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities herein. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and Plaintiffs' damages as herein alleged were proximately caused by those Defendants. On information and belief, Plaintiffs makes all allegations contained in this complaint against all Defendants, including DOES 1 through 10, inclusive.

12.     Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, each of the Defendants, including all Defendants sued under fictitious names, was the agent and employee of each of the remaining Defendants,

1  and in doing the things herein alleged, was acting within the scope of his/her/its
2  agency and employment.

3  ## PRELIMINARY FACTS COMMON TO ALL CAUSES OF ACTION

4    13.    At all times material mentioned herein, the primary business of Chase, a
5  financial institution, is commercial and consumer lending.  Among other banking
6  services, Chase arranges loans and refinancing to homeowners within the State of
7  California.  Chase employs loan officers to arrange for, and secure, these customer
8  loans.

9    14.    It is Chase's uniform policy and procedure to provide goals, quotas, and
10  incentives and to encourage its loan officers to work hard (i.e., long hours) to develop
11  business and increase the volume of loans arranged by Chase.  It is also Chase's
12  uniform policy and procedure to fail to pay overtime to its loan officers who work
13  long hours to meet Chase's incentives, quotas and the like, as required by California
14  Labor Code §1194 and I.W.C. Wage Order 4, Section 4.

15    15.    Chase also requires its loan officers to work through meal periods or
16  work without a meal period for at least five (5) hours of a shift and failing to pay such
17  employees one (1) hour of pay at the employees' regular rate of compensation for
18  each workday that the meal period is not provided, or other compensation, as
19  required by California's wage and hour laws.

20    16.    Chase also requires its loan officers to work without a rest period of at
21  least ten (10) minutes per four (4) hours worked or major fraction thereof and failing
22  to pay such employees one (1) hour of pay at the employees' regular rate of
23  compensation for each workday that a rest period is not provided, or other
24  compensation, as required by California's wage and hour laws.

25    17.    Plaintiffs Lee, Ghazarian, and Chu worked as Retail Channel Loan
26  Officers for Chase in its emerging markets branch located in Alhambra, California.
27  Plaintiff Moll supervised the other plaintiffs and other employees in what was a very
28  busy office.  Plaintiffs primarily worked on loans for minority clients.  Plaintiffs

1  regularly worked ten to twelve hour days, and often worked six days per week, to

2  generate profitable volume, maintain loans, and assist Chase to close loans to Chase

3  customers.

4      18.     Plaintiffs were held to production standards, and were required to work

5  hours in excess of eight hours per day and forty hours per week to meet these

6  standards, without being paid overtime wages.  Plaintiffs were required to work

7  through rest and meal periods.  Plaintiffs were not required to keep time cards.

8  Plaintiffs were in the office more than 95% of each day.

9      19.     Plaintiffs' compensation was governed, at least in part, by Chase's Retail

10 Channel Loan Officer Compensation Plan and Policy Statement (the "Compensation

11 Plan").  Plaintiffs received monthly commissions for loans that are closed, funded,

12 and transmitted.  Commissions are paid on various types of loans including

13 refinances.  Plaintiffs were also participants in Chase's bonus program, based on

14 performance.  Plaintiff Moll was also entitled to manager bi-annual commissions and

15 quarterly commissions.  Chase's Compensation Plan expressly provided that "a

16 Participant may receive Compensation beyond their termination date."  Specifically,

17 commissions are owed on loans closing after the termination (loans closing within 30

18 days for voluntary terminations and 60 days for involuntary terminations).

19     20.     As of May 1, 2007, plaintiffs Lee, Ghazarian and Chu were ranked

20 among Chase's Top Ten, nationally, for volume.  Plaintiff Ghazarian had just

21 received three awards from Chase at a formal presentation made during a ceremony

22 held at the Ritz Carlton hotel in Pasadena, California.

23     21.     In May 2007, Plaintiffs were told of an audit concerning loan files from

24 the Alhambra office.  Plaintiffs were informed that the audit was being handled by

25 Chase representatives, who were visiting from out of State.  Plaintiffs are informed

26 and believe and thereon allege that Chase's investigation was poorly performed and

27 that the information reviewed by Chase's investigation team was manipulated.  For

28 instance, plaintiff Ghazarian was charged with responsibility for a 30% default rate in